**Phyllis D. RELEFORD, et al., Plaintiffs,**

v.

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants.**

Civ. A. No. 94–382–2–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 13, 1995.

Howard G. Sokol, Leeann Friedman, Zane E. Dennis, Macon, GA, Phyllis J. Holmen, Lisa J. Krisher, Kay Y. Young, Atlanta, GA, Gregory Bushway, Macon, GA, for plaintiffs.

Frank L. Butler, III, Macon, GA, Anne L. Weismann, David O. Buchholz, Dept. of Justice, Civ. Div., Howard M. Schmeltzer, U.S. Dept. of Housing & Urban Development, Washington, DC, for U.S. Dept. of Housing and Urban Development, Henry Cisneros.

Thomas C. James, III, William T. Prescott, Macon, GA, for Macon Housing Authority, John Hiscox, Charles H. Andrews, James C. Marshall, Joyce R. Schafer, Carter M. Stout, Pearlie M. Toliver.

### ORDER

OWENS, Chief Judge.

Before the court is defendants' motion to dismiss. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

On September 20, 1994, plaintiffs, who are tenants in a low-income housing project, brought suit against the United States Department of Housing and Urban Development and the Macon Housing Authority. In their complaint, plaintiffs allege that defendants have failed to comply with section 957 of the Cranston–Gonzalez National Affordable Housing Act, 42 U.S.C. § 12714, which limits the rate of rent increase for housing residents who become employed. Defendants, however, contend that plaintiffs' complaint fails to state a claim in that defendants are under no present duty to implement section 957.

Section 957 of the Cranston–Gonzalez National Affordable Housing Act provides, in part:

Notwithstanding any other law and subject to approval in appropriations Acts, the rent charged for any dwelling unit assisted under any housing assistance program administered by the Secretary of Housing and Urban Development, to a family whose monthly adjusted income increases as a result of the employment of a member of the family who was previously unemployed, may not be increased as a result of the increased monthly adjusted income due to such employment by more than 10 percent in each 12–month period during the

36–month period beginning upon such employment.

42 U.S.C. § 12714(a). Defendants insist that because section 957 has yet to be approved in an appropriations act, the Secretary of Housing and Urban Development is under no duty to implement section 957's requirements. However, two years after the passage of section 957, Congress passed the Housing and Community Development Act, which included the following provision:

> The Secretary of Housing and Urban Development should immediately implement section 957 of the Cranston–Gonzalez National Affordable Housing Act (42 U.S.C. 12714). Other Federal agencies authorized to assist low-income families should take similar steps to encourage economic independence and the accumulation of assets.

Pub.L. 102–550, § 923, 106 Stat. 3884 (1990). Although the Housing and Community Development Act, 42 U.S.C. § 1437 *et seq.,* is not an appropriations act, *see* 1 U.S.C. § 105, the court believes that section 923 of that act evidences the clear intent of Congress that section 957 of the Cranston–Gonzalez National Affordable Housing Act is to be implemented immediately. Contrary to defendants' assertions, it is well within the authority of Congress to authorize the implementation of section 957 in a manner other than the passage of an appropriations act.

Defendants also argue that because section 923 uses the permissive term "should" instead of the mandatory term "shall," that section 923 cannot be read as an absolute requirement that the Secretary of Housing and Urban Development implement section 957. Notwithstanding any differences that may exist between the use of the terms "should" and "shall," the court believes that whether Congress instructs that the Secretary "should" implement section 957 or "shall" implement section 957, the clear import is that section 957 is to be implemented. The will of Congress being so expressed, the Secretary of Housing and Urban Development has no discretion but to follow that will.

Accordingly, defendants' motion to dismiss is hereby **DENIED.**

**SO ORDERED.**